NO. 07-04-0447-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 17, 2005

_____

ARMANDO SANDOVAL, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-406365; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Armando Sandoval, Jr., was convicted by a jury of murder and sentenced to incarceration for life in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000.00.  On appeal, appellant contends that the evidence was factually insufficient to support the verdict.  We affirm the trial court's judgment.

On March 16, 2003, appellant and Christina Moreno got into an argument which escalated into a physical altercation.  During the course of this altercation, appellant was

stabbed with a knife once in his leg while Moreno was stabbed numerous times resulting in her death. Other than appellant and Moreno, there were no eyewitnesses to this altercation.

Appellant was arrested and indicted for the murder of Moreno. During the trial, appellant testified that he killed Moreno in self-defense. The jury charge instructed the jury on the law of self-defense. The jury, nonetheless, found appellant guilty of murder.

Appellant appeals his conviction and sentence. By this appeal, appellant contends that the evidence was factually insufficient to support his conviction for murder. Appellant specifically contends that the State failed to produce factually sufficient evidence to persuade the jury, beyond a reasonable doubt, that appellant did not act in self-defense.

Self-defense is a justification that precludes criminal responsibility and, as such, is a defense. TEX. PEN. CODE ANN. §§ 2.03(a), 9.02, 9.31, 9.32 (Vernon 2003)[1]; Luck v. State, 588 S.W.2d 371, 375 (Tex.Crim.App. 1979). A person is justified in using deadly force against another when and to the degree he reasonably believes deadly force is immediately necessary to protect himself against the other's use or attempted use of deadly force and when a reasonable person in the actor's situation would not have retreated. TPC § 9.32(a). The reasonableness of the use of deadly force is viewed from the standpoint of the actor at the time that he acted. Bennett v. State, 726 S.W.2d 32, 37-38 (Tex.Crim.App. 1986). Whether a defendant's belief was reasonable and whether his actions were justified under the circumstances are fact questions for the jury to decide. Hayes v. State, 728 S.W.2d

---

[1] Further reference to sections of the Penal Code will be by reference to "TPC § __."

804, 808 (Tex.Crim.App. 1987). A jury implicitly rejects a defense by finding the defendant guilty. Adelman v. State, 828 S.W.2d 418, 422 (Tex.Crim.App. 1992); Saxton v. State, 804 S.W.2d 910, 914 (Tex.Crim.App. 1991).

When a defendant raises a defense, he bears the initial burden of production, which requires the production of some evidence to support the defense. Zuliani v. State, 97 S.W.3d 589, 594 (Tex.Crim.App. 2003). Once the defendant produces evidence supporting the defense, the State bears the burden of persuasion to disprove the defense. Id. This burden of persuasion does not, however, require the State to affirmatively produce evidence refuting the defense, rather, the State disproves the defense by proving its case beyond a reasonable doubt. Id.

When a defendant appeals challenging the factual sufficiency of his conviction, the reviewing court must ultimately determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding defendant guilty beyond a reasonable doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which the evidence may be insufficient. First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. Second, considering all of the evidence, both for and against the verdict, the contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could not have been met. Id. at 484-85. As appellate courts are not allowed to find facts or substitute its judgment for that of the jury, an appellate court's determination that the evidence is factually insufficient to support the verdict requires reversal of the judgment and remand for a new trial. Id. at 482.

3

In a factual sufficiency review, we are required to consider the most important evidence that the appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Appellant contends that his trial testimony established that he killed Moreno in self-defense and that this evidence is so strong that the jury could not have convicted him of murder beyond a reasonable doubt. We disagree. Appellant testified that Moreno stabbed him in the leg while they were fighting and, after he had been wounded, he took the knife away from Moreno and stabbed her once or twice in the chest and once in the side. Appellant testified that he and Moreno then went into another room, without the knife, where the fight continued. Eventually, appellant and Moreno returned to the first room where Moreno again grabbed the knife.[2] Appellant testified that, because of how he was situated at this time, he could not retreat from Moreno. Appellant was, however, able to take the knife away from Moreno, but Moreno continued to hit him with her fists. Appellant testified that he waited for an opportunity to get inside of her arms and, when he was able to do so, he stabbed Moreno in the chest. Appellant admitted that he stabbed Moreno at least nine times. At the time that appellant fatally stabbed Moreno, he had possession of the knife and, thus, the jury could have reasonably concluded that appellant's belief that the use of deadly force was immediately necessary was unreasonable. See TPC § 9.32;

_____

[2] Appellant's trial testimony conflicts with the written statement that he gave the police after the incident. In his statement, appellant indicated that he picked up the knife and started stabbing Moreno when he and Moreno reentered the kitchen. The jury was free to accept appellant's written statement and reject his trial testimony. See Cain v. State, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997). However, in analyzing appellant's most important evidence, we will assume that appellant's trial testimony was accurate.

<u>Hayes</u>, 728 S.W.2d at 808.  Consequently, appellant's testimony provided sufficient evidence to support the jury's verdict and does not establish that appellant's use of deadly force was justified such that confidence in the verdict is undermined.

Having carefully reviewed all of the evidence in the proper light, we conclude that evidence supporting the jury's verdict and implied rejection of appellant's defense is factually sufficient to support appellant's conviction for murder beyond a reasonable doubt. <u>See</u> <u>Zuniga</u>, 144 S.W.3d at 484-85.  We overrule appellant's issue.

Having found the evidence factually sufficient to support the jury's verdict, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.